JS-6

Note the Court's changes

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBA TIME, INC, a California Corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HYUEN WOO PAG, an Individual,<br><br>　　　　　Defendant. | CASE No. 2:24-cv-05114-ODW (BFMx)<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION** |

　　　Plaintiff Boba Time, Inc. ("Boba Time") commenced this action by filing the Complaint against Defendant Hyuen Woo Pag ("Pag"). All parties have appeared and now agree to settlement of the action by stipulation and without further adjudication of any issue of fact or law. (Stip., ECF No. 32.)

　　　THEREFORE, on the joint stipulation of Boba Time and Pag, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

**FINDINGS OF FACT**

　　　1.　　This action was commenced on June 17, 2024, by the filing of Boba Time's Complaint. [ECF #1.]

2. In the Complaint, Boba Time seeks damages and injunctive relief for Trademark Infringement (under 15 U.S.C. §1114), Trademark Infringement (under 15 U.S.C. §1125), common law trademark infringement, Trade Dress Infringement (under 15 U.S.C. §1125), breach of contract - franchise agreement, breach of contract - termination agreement and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*). [ECF #1.]

3. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1338, and has general personal jurisdiction over the Defendant, who resides in or has continuous and systematic contacts with the State of California.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

5. Boba Time is a national franchisor of snack and dessert shops offering specialty beverages, including smoothies, slushes, coffees, juices, and milk teas under the It's Boba Time® name and marks. Additionally, Boba Time is the owner of the following marks, among others, registered on the Principal Register of the United States Patent and Trademark Office ("USPTO"): 4273426, 4229643, 6952539, and 6952540 (the "Marks").

6. As a result of its widespread, continuous, and exclusive use of the Marks to identify its restaurant services and Boba Time as their source, Boba Time owns valid and subsisting federal statutory and common law rights to the Marks.

7. The Marks are distinctive to both the consuming public and within Boba Time's area of business.

8. As a result of Boba Time's expenditure of money and effort, the Marks have come to signify the high quality of services designated by the Marks, and have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Boba Time.

9. Accordingly, Boba Time has a clear and vital economic interest in preserving and protecting the It's Boba Time® name, brand, marks, goodwill, and reputation.

10. Pag is a former franchisee of Boba Time with his store located at 1744 South Nogales Street, Unit C, Rowland Heights, California 91748.

11. Under the parties' franchise agreement, Boba Time remained the sole owner of the Marks and Pag was an authorized user of the Marks in connection with his operation of a Boba Time franchise.

12. During the course of the parties' relationship, Pag materially breached the terms of the franchise agreement. On or about September 30, 2022, Boba Time and Pag entered into a mutual termination of the franchise agreement.

13. Pag was given until October 30, 2022 to comply with the post-termination provisions of the franchise agreement, which included, among other things, de-branding of his store, returning to Boba Time all of its materials, and removing all online use and reference to Boba Time or the Marks in connection with Pag's location. Pag failed to do so and continued to use the Boba Time name and Marks in the operation of his business.

14. Pag's forgoing conduct constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), , and violations of substantial and related state law claims for breach of contract, unfair competition, common law trademark infringement. The Court hereby enters judgment against Pag on these claims.

15. As a direct and proximate result of Pag's infringing and other unlawful conduct, Boba Time has sustained substantial, immediate, and irreparable injury, and is entitled to damages and a permanent injunction pursuant to 15 U.S.C. §§ 1116-1117.

16. The parties now stipulate to the following Judgment and Permanent Injunction.

# ORDER

## I. PERMANENT INJUNCTION

IT IS ORDERED, ADJUDGED AND DECREED that Pag and his officers, directors, principals, agents, servants, managers, employees, attorneys, successors, assigns, affiliated entities, and all other persons in active concert or participation with him are hereby permanently enjoined from:

1. Using or displaying the Marks, the It's Boba Time® name, trademarks, services marks, trade dress, or other intellectual property (collectively, the "Boba Time Marks") for any purpose;
2. Using or displaying, in any manner, names, marks or logos that are confusingly similar to the Boba Time Marks;
3. Representing to the public, in any way, that Pag's business is, or ever was, an authorized Boba Time franchise;
4. Using, in any manner and for any purpose, directly or indirectly, the trade secrets and other proprietary information provided to Pag as a franchisee of the It's Boba Time® system, including:
    a. Recipes;
    b. Boba Time operations and training manuals and supplements thereto;
    c. Brochures, posters, and other advertising materials; and
    d. All items bearing or containing the Boba Time Marks, logotypes, designs and other confusingly similar identifying symbols and names.

## II. SPECIFIC PERFORMANCE

Pag and his officers, directors, principals, agents, servants, managers, employees, attorneys, successors, assigns, affiliated entities, and all other persons in active concert or participation with him, shall immediately comply with the post-

4
STIPULATED JUDGMENT AND PERMANENT INJUNCTION

termination provisions of the franchise agreement between Pag and Boba Time. This includes:

1. Canceling all fictitious or assumed names or equivalent registrations relating to Pag's former Boba Time business;
2. Immediately returning to Boba Time all manuals and other materials, including copies thereof, provided to Pag by Boba Time as part of their franchise relationship.
3. Removing any use of the Boba Time Marks from all online web pages, advertising, marketing, and social media that Pag controls or directly or indirectly.

## III.  MONETARY DAMAGES

Pag shall pay to Boba Time the total amount of TEN THOUSAND DOLLARS ($10,000).

## IV.  LEGAL FEES AND COSTS

Each party shall bear its own legal fees and costs incurred in connection with this action.

## V.  RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter for modification of this Order, or for the enforcement of compliance therewith.

## VI.  FINAL JUDGMENT

1.  The parties have represented to the Court that, with the assistance of their counsel or having knowingly elected not to retain counsel, they have read the provisions of this Stipulated Judgment and Permanent Injunction and are prepared to abide by them.

2.  This Stipulated Judgment and Permanent Injunction is a final judgment and order in this matter with respect to all claims by and between the parties.

3. This Court shall retain jurisdiction to enforce this Stipulated Judgment and Permanent Injunction.

4. The Parties hereby waive all rights to appeal or otherwise challenge or contest the validity of this Stipulated Judgment and Permanent Injunction.

All dates are **VACATED**. The Clerk shall close the case.

**IT IS SO ORDERED**

Date: April 4, 2025

By: _____
Hon. Otis D. Wright, II
United States District Court Judge